IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| LARRY EUGENE WELCH and LOLETHA JONES, | ) | |
| Plaintiffs, | ) | |
| v. | ) | CIVIL ACTION NO. 3:12cv393-MHT (WO) |
| GREGORY WISHARD DALE and LOGICORP ENTERPRISES, LLC, | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Plaintiffs Larry Welch and Loletha Jones ask this court for more time to serve defendant Gregory Wishard Dale. This is the second time they have made such a request.

The court has jurisdiction over the plaintiffs' personal-injury lawsuit pursuant to 28 U.S.C. § 1332 (diversity of citizenship). For reasons that follow, the court will grant the plaintiffs' motion to extend for another 90 days the time allowed for service.

**A.**

**A plaintiff must serve process on a defendant "within 120 days after the complaint is filed." Fed. R. Civ. P. 4(m). If the plaintiff fails to do so, "the court--on motion or on its own after notice to the defendant--must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Id. "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id. However, "[e]ven in the absence of good cause, a district court has the discretion to extend the time for service of process." Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007). Indeed, "when a district court finds that a plaintiff fails to show good cause[,] ... the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case." Id. at 1282. "Only after considering whether any such factors exist may the**

**district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." Id.**

**Thus, "Rule 4(m) has mandatory and discretionary components." Boyd v. Koch Foods of Alabama, LLC, 2011 WL 6141064, *2 (M.D. Ala. 2011) (Thompson, J.). "If good cause is present, the district court must extend time for service. If good cause does not exist, the court may, in its discretion, decide whether to dismiss the case without prejudice or extend time for service." Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996) (emphasis in original).**

**Though the Federal Rules of Civil Procedure do not define "good cause," the Eleventh Circuit Court of Appeals has explained that mere "inadvertence or negligence" does not amount to good cause. Lepone-Dempsey, 476 F.3d at 1281 (quoting Prisco v. Frank, 929 F.2d 603, 604 (11th Cir. 1991) (per curiam), superseded in part by rule as stated in Horenkamp v. Van Winkle and**

Co., Inc., 402 F.3d 1129, n.2 (11th Cir. 2005)). Rather, good cause "exists 'only when some outside factor[,] such as reliance on faulty advice,'" is to blame. Id. (alteration in original) (quoting Prisco, 929 F.2d at 604.). Therefore, a plaintiff demonstrating good cause for his or her delay must show he or she "(1) has proceeded in good faith; (2) has a reasonable basis for noncompliance and (3) the basis for the delay was more than simple inadvertence or mistake." Durgin v. Mon, 659 F. Supp. 2d 1240, 1258 (S.D. Fla. 2009) (Marra, J.). The court finds the plaintiffs in the instant case have shown good cause for their failure to serve Dale in a timely manner.

The plaintiffs filed this lawsuit on May 1, 2012. Three days later, they sent requests for waiver of service via certified mail to Dale and to Jorge Andrade, the registered agent for co-defendant Logicorp Enterprises, LLC. To reach Dale, the plaintiffs used the address he provided law enforcement at the time of the

collision, July 2, 2010. Nonetheless, Dale's mailing was returned unclaimed. On June 29, 2012, the plaintiffs' counsel called Dale on the phone. According to the plaintiffs, Dale ended the call once the plaintiffs' counsel identified himself and asked for Dale's address.

With the 120-day window for effecting service closing in, the plaintiffs filed their first motion to extend. The court agreed that there was good cause for an extension and, on August 31, 2012, gave the plaintiffs an additional 90 days to serve Dale. Two weeks later, the plaintiffs hired a professional company specializing in process service. The company, Pronto Process Service, found a new address for Dale in Corinth, Texas. The plaintiff represents that Pronto Process has since made ten separate attempts to serve Dale at various hours, both day and night. On October 8, 2012, Pronto Process spoke with Dale's minor daughter, who confirmed that Dale does indeed live at the Corinth address. Pronto Process left with her a copy of the summons and complaint, along

with a business card and message asking her father to contact the plaintiffs' counsel.

The plaintiffs also made efforts to serve Dale through his employer and co-defendant, Logicorps. Logicorps would not accept service for Dale, nor has it responded to discovery requests aimed at ascertaining Dale's travel schedule.

In light of these representations, the court finds the plaintiffs have been diligent in attempting to make service. Their lack of success does not appear rooted in mistake or negligence, but in an outside factor. The plaintiffs cannot be faulted for relying on the address Dale provided law enforcement. More importantly, once they realized the address was incorrect, they reached out to Dale via telephone, through his employer, and with a professional process server. A reasonable inference can be drawn from the plaintiffs' numerous frustrated attempts that Dale is evading service. The court thus concludes that the plaintiffs have good cause for failing

to serve Dale in the time allotted, and the court must extend the time for service for an "appropriate period." Fed. R. Civ. P. 4(m).

Moreover, even were the court to conclude that good cause within the meaning of Rule 4(m) is lacking, the court would still use its discretion to extend the time for service on Dale. First, as stated, it is clear from the current record that Dale is avoiding service; he is thus well-aware of the complaint against him. See Lepone-Dempsey, 476 F.3d at 1282. ("[T]he Advisory Note to Rule 4(m) provide[s] some guidance as to what factors may justify the grant of an extension of time absent a showing of good cause." And, "the Committee [there] explained that '[r]elief may be justified, for example, ... if the defendant is evading service.'") (quoting Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments); American Indoor Football Ass'n, Inc. v. Lockwood, 267 F.R.D. 663, 666 (M.D. Ala. 2010) (Thompson, J.) (Rule 4(m) discretionary extension

**warranted because "there is compelling evidence that [defendant] has intentionally evaded [plaintiff]'s diligent efforts to perfect service. Moreover, there is good reason to believe that, despite his evasive efforts, he is well-aware of the complaint against him.").**

**Second, it appears that the statute of limitations may have run since the plaintiffs filed their claims. <u>See</u> <u>Horenkamp</u>, 402 F.3d at 1133 ("Although the running of the statute of limitations does not require that a district court extend the time for service of process under the new rule, ... we agree with the district court that the circumstances of this case militate in favor of the exercise of the district court's discretion to do so.") (citations omitted).**

**B.**

**The plaintiffs ask the court to set a new deadline for service: 60 days from the date on which Logicorps responds to its aforementioned discovery request. The**

**court, however, is not inclined to attach a deadline to a moving target which is entirely within the parties' control. The court is equally concerned that the plaintiffs' proposed deadline lends itself to multiple interpretations and could generate confusion.**

**Instead, the court will grant a further extension of 90 days calculated from the date the first extension expires.**

*******

**Accordingly, it is ORDERED that plaintiffs Larry Welch and Loletha Jones's motion for extension of time (doc. no. 14) is granted and that they are allowed 90 days, calculated from the date the first extension expires, to perfect service on defendant Gregory Wishard Dale.**

**DONE, this the 27th day of December, 2012.**

**/s/ Myron H. Thompson**
**UNITED STATES DISTRICT JUDGE**